**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

Case No. 26-cr-02348-MIS

VICENTE LOPEZ-PADILLA,

Defendant.

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE IMPEACHMENT EVIDENCE UNDER RULE 609(a)(1)**

**THIS MATTER** is before the Court on Defendant Vicente Lopez-Padilla's Motion in Limine to Exclude Impeachment Evidence Under Rule 609(a)(1) ("Motion"), ECF No. 50, filed October 1, 2026. The Motion addressed an earlier filed Notice of Impeachment Evidence Under Rule 609(a)(1) ("Notice") filed by the United States on September 17, 2026. ECF No. 40. The United States filed a Response to the Motion ("Response") on October 6, 2026, ECF No. 59. The Court heard argument on the Motion at the October 20, 2026, pretrial hearing. See ECF No. 79. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

## I. Background

On approximately December 17, 2025, Defendant Vicente Lopez-Padilla ("Mr. Lopez-Padilla" or "Defendant"), a Cuban national, was excluded, deported, and removed from the United States as a third-country deportee to Mexico. Indictment, ECF No. 13. Around three months later, on February 9, 2026, United States Border Patrol arrested Mr. Lopez-Padilla in Doña Ana County, New Mexico. Crim. Compl., ECF No. 1. On May 12, 2026, Mr. Lopez-Padilla was indicted by a Grand Jury on charges of knowingly attempting to enter, and entering, the United States contrary to law due to the outstanding Order of Exclusion, Deportation, and Removal from 2025.

Indictment. The Court then scheduled Mr. Lopez-Padilla's trial for October 22, 2026. *See* Notice of Hearing, ECF No. 41.

Mr. Lopez-Padilla has two murder convictions on record: one from 1984 for which he received a 10-year sentence (Homicide-Willful Kill), and a second from 1996 for which he received a 60-year sentence (Murder/Intent to Kill/Injure and Murder/Strong Probability to Kill/Injure). Notice at 2. He was released from custody on the 1996 conviction on January 3, 2024. *Id.* The Government has limited its Notice to the 1996 conviction; accordingly, the Court will analyze Rule 609 only as it relates to the 1996 conviction and the sentence that Mr. Lopez-Padilla finished serving in 2024. *Id.* (noting that "The United States does not intend to impeach Defendant with his 1984 murder conviction because, upon information and belief, he was released from custody in that case more than 10 years ago, unless Defendant opens the door to that conviction."). The Government, in its Response, further limited its Notice, indicating that it would "ask only whether [Defendant] was convicted of a felony" and would not seek to bring in the name of the offense, the number of counts, the sentence, or the underlying conduct. Resp. at 1.

## II. Analysis

### *A. Rule 609(a)(1)(B) Analysis*

In his Motion, Mr. Lopez-Padilla asks the Court to exclude the Government's proposed use of his prior felony conviction from 1996 to impeach him under Federal Rule of Evidence 609(a)(1) if he testifies at trial. Mot. at 1.

Rule 609(a)(1)(B) reads, in relevant part, as follows:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> > **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . .

> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant[.]

The Tenth Circuit utilizes a five-factor test requiring the Court to consider: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). This analysis accounts for the "nature and number" of felony convictions. *United States v. Howell*, 285 F.3d 1263, 1268 (10th Cir. 2002) (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998) ("Evidence of a murder conviction says something far different about a witness' credibility than evidence of a conviction for a minor drug offense, although both may constitute a prior felony conviction.")). When a court does admit evidence of prior convictions for impeachment purposes, "the impeaching party is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of conviction, and the sentence." *Id.*

Mr. Lopez-Padilla argues that the probative value of his former conviction does not outweigh the prejudice of its introduction, addressing each point of the five-factor test.[1] First, he argues that because the felony conviction is for murder, and not a crime involving dishonesty, the conviction has little probative value for assessing his credibility. Mot. at 3. Next, he argues that because unlawful reentry and murder are such dissimilar crimes, the risk of confusing and prejudicing the jury into making the forbidden propensity inference is high. *Id.* at 4–5. Finally, he argues both that the centrality of his testimony and the details of his conviction heighten the prejudice, tipping the Rule 609(a)(1) balancing test in favor of exclusion. *Id.* at 5–6.

[1] The arguments at the pre-trial hearing closely adhered to the arguments made in the parties' briefs on this Motion.

The Government argues in opposition—emphasizing its limited use of only the fact of the felony conviction in its impeachment—that each of the five factors weighs in favor of not excluding the conviction for impeachment purposes. The Government first argues that "every felony carries some impeachment value." Mot. at 3 (citing *Howell*, 285 F.3d 1268). Moving through the remaining factors, the Government emphasizes the limited amount of time between Mr. Lopez-Padilla's release from custody following the 1996 conviction—leaving only a short post-release history from which the Court cannot reliably draw conclusions—and dissimilarity between the convictions—which lessens the potential for jurors to make the propensity inference. *Id.* at 3–4. Finally, the Government argues that its proposal, to impeach Mr. Lopez-Padilla with only the fact of a prior felony conviction itself with no additional details, mitigates the deterrence of Mr. Lopez-Padilla from testifying while allowing the jury to weigh his credibility. *Id.* at 4-5.

The Court finds that the probative value of the fact of Mr. Lopez-Padilla's 1996 felony conviction outweighs the prejudice when introduced for the purposes of impeachment. Therefore, under Rule 609(a)(1)(B), the Court must admit evidence of the fact of the conviction as the Government requests. Beginning with the first of the five factors, felony convictions have inherent probative value to juries evaluating the credibility of a defendant-witness. *Smalls*, 752 F.3d at 1240. Accordingly, there is impeachment value in the 1996 conviction, even though it was for murder, rather than a crime of dishonesty. Second, Mr. Lopez-Padilla was released from custody following this conviction less than three years prior to trial, in January of 2024. Accordingly, his subsequent history in the community, and of any rehabilitation in this period, is minimal.

Third, given the restrictions the Government has adopted in its use of Mr. Lopez-Padilla's prior felony conviction, the jury will not know that the conviction is for murder. This removes the Government's dissimilarity argument from consideration here. Still, because the jury will not have

information from which to make the forbidden propensity inference between the prior murder conviction and the charged crime, the likelihood that jurors would make the forbidden propensity inference is low. Fourth, Mr. Lopez-Padilla's testimony at trial is, as he argues, critically important to his defense at trial. With the mitigation of introducing only the fact of the prior felony, the Court finds that Mr. Lopez-Padilla will not be prejudiced such that it would deter him from testifying. The Court here weighs heavily the fact that the 1996 conviction is for murder—a more stigmatizing crime among felonies—and therefore not mentioning the type of crime, or any other allowable facts regarding the crime, cuts in favor of Mr. Lopez-Padilla who will have the benefit of juror ambiguity about the type of felony involved. Fifth, Mr. Lopez-Padilla's credibility at trial is a central issue, especially considering the limited additional evidence he has indicated he will put on at trial. Accordingly, the proposed impeachment would aid the jury in assessing the credibility of his testimony.

Thus, four of the five factors weigh against excluding the fact of the 1996 conviction as impeachment evidence. With the limited introduction proposed by the government, the one factor weighing in favor of exclusion due to prejudice—the importance of Mr. Lopez-Padilla's testimony—does not outweigh the probative value of the fact of his prior felony conviction for impeachment purposes.

### *B. Rule 403 Analysis*

In addition, Defense counsel argued at the pre-trial hearing that the prior conviction evidence should be excluded under a Federal Rule of Evidence 403 balancing test. Tr. of H'rg of Oct. 20, 2026, at 61:10–23.[2] Accordingly, the Court will also undergo a Rule 403 balancing test of Mr. Lopez-Padilla's 1996 felony conviction.

[2] The Court cites to the Court reporter's original rough draft of the hearing transcript. Any final transcript may contain slightly different page and/or line numbers.

Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unlike the more protective Rule 609 admissibility standard—whether the "probative value of the evidence outweighs its prejudicial effect to that defendant," Fed. R. Evid. 609(a)(1)(B)—the 403 balancing test is relatively permissive, requiring only that the prejudice outweighs the probative value of the evidence.

Here, the Defense argues that in the context of this case, permitting impeachment of Mr. Lopez-Padilla by his prior criminal conviction would be so prejudicial, or in the alternative confusing and time wasting, that it would outweigh its probative value for impeachment. Tr. of H'rg of Oct. 20, 2026, at 61:10–23. The context here, as presented by the Defense, here is the widespread negative rhetoric in the United States related to immigrants. *See id.* at 61:24–62:4. For example, rhetoric related to "the worst of the worst" and "the kind of immigrants that we want . . . removed from the country." *Id.* at 64:13–14. Defense argues that if Mr. Lopez-Padilla's felony conviction is admitted in any form it risks substantial prejudice from members of the jury who have been exposed to this negative rhetoric concerning immigrants.

The Government, in response, argues that keeping the type of felony ambiguous will reduce the potential for prejudice such that the probative value of the prior felony conviction for impeachment purposes is not substantially outweighed by the danger of prejudice. *Id.* at 62:18–21. Furthermore, the Government has agreed that it will use the prior felony conviction only for impeachment purposes and will not elicit testimony from any of its witnesses that relates to or repeats negative rhetoric related to immigrants. *Id.* at 62:25–63:7.

The Court finds that, in line with the Rule 609(a)(1)(B) analysis above, the probative value of the fact of the prior criminal conviction, used for impeachment purposes, is not substantially outweighed by the danger of unfair prejudice, confusion, or time wasting. As the Court has already found, there is probative value in impeaching Mr. Lopez-Padilla with his prior felony conviction because his credibility is central to his defense. Without the impeachment, the jury will lack context to make its credibility determinations of Mr. Lopez-Padilla's testimony.

Furthermore, the Government has agreed to restrictions on the use of the conviction such that it reduces the potential prejudice to Mr. Lopez-Padilla. These include the aforementioned use of only the fact of the prior felony conviction, which reduces prejudice to Mr. Lopez-Padilla because of the high stigma of a murder conviction, and refraining from any connection between the prior felony conviction and negative rhetoric concerning immigrants. In addition, the Court does not find potential for time wasting given the limited inquiry into the conviction for impeachment on cross-examination. Nor does the Court find that the fact of Mr. Lopez-Padilla's prior felony conviction will confuse the jury. At the pre-trial hearing, however, the Court left open the possibility of a limiting instruction to the jury related to using the fact of the prior felony conviction solely for impeachment purposes. Tr. of H'rg of Oct. 20, 2026, at 64:21–22.

## III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion in Limine, ECF No. 50, is **DENIED**; and the Government may seek to introduce the fact of Defendant's 1996 felony conviction as impeachment evidence under Rule 609(a)(1)(B)**.**

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE