**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

Case No. 26-cr-02348-MIS

VICENTE LOPEZ-PADILLA,

Defendant.

**ORDER DECLARING A MISTRIAL**

**THIS MATTER** came before the Court for jury trial on October 22, 2026. The parties had scheduled the trial of Vicente Lopez-Padilla ("Mr. Lopez-Padilla" or "Defendant")—charged with one count of unlawful reentry after prior removal under 8 U.S.C. §§ 1326(a) and (b)—to last only one day. *See* Clerk's Minutes for proceedings held before District Judge Margaret I. Strickland: Call of the Calendar as to Vicente Lopez-Padilla held on 9/10/2026, ECF No. 35.

The jury was unable to reach a unanimous verdict, indicating this to the Court in a note ("The jury can not come to a unanimous verdict") sent around 5:48 P.M. *See* Clerk's Minutes for proceedings held before District Judge Margaret I Strickland, ECF No. 85 at 10. This was the second note the jury had sent to the Court. The first note, sent around 5:00 P.M., asked two questions related to documents not in evidence ("(1) We would like to know the nature of [Mr. Lopez-Padilla's] initial documentation for the year 1980" and "(2) Documentation for agreement of transfer to Mexico for the program 'CVNH'"). *See id.* at 10.

When asked for its position, the Government requested an *Allen* charge. *See id.* at 10. The Defendant, however, requested a mistrial. *Id.*

Opening statements began in this trial at 10:59 A.M.; the Government then promptly began its presentation of evidence. *Id.* at 3. The Court released the jury for lunch at 11:57 A.M., *id.* at 5, and the Government continued its presentation of evidence after lunch from 1:20 P.M., *id.* at 6,

until it rested at approximately 2:58 P.M., *id.* at 8. The Defense rested without presenting evidence to the jury. *Id.* After approximately thirty minutes of closing statements, the jury began its deliberations, *id.* at 9.

This case was not complex. The jury was charged with considering less than three hours of evidence in the Government's presentation regarding a crime with four elements, *see* Court's Jury Instructions as to Vicente Lopez-Padilla, ECF No. 87 at 5 (Jury Instruction No. 4), the first of which had been stipulated to by the parties, *see* Clerk's Minutes at 8 (reading Government Exhibit 16, stipulation, into the record). The elements at issue at trial were whether Mr. Lopez: "had previously been removed from the United States;" "was found in the United States having entered knowingly;" and "had not received the consent of the proper legal authority, that is the Secretary of Homeland Security, to reapply for admission to the United States." Jury Instruction No. 4.

The Court found the jury's claim that they did not agree on a verdict credible due to the limited presentation of evidence, the limited issues for the jury to debate in reaching its verdict, the lack of complexity involved in deciding these issues, the freshness of the evidence in the minds of the jurors, and the prior two questions asked by the jury which did not relate to exhibits in evidence. This credibility was further compounded by the trial setting of just one day and the time approaching 6:00 P.M., beyond the 5:00 P.M. stopping point the jurors had expected. Accordingly, the Court found that an *Allen* instruction would have been unduly coercive in imposing pressure on jurors as to render any resulting verdict uncertain.

Thus, the Court finds manifest necessity in ordering a mistrial as to the Superseding Indictment and discharges the jury. The government may retry the defendant, Mr. Lopez-Padilla, on the charges contained in the Superseding Indictment.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE